UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| KENNETH FRANCIS | CIVIL ACTION NO. 13-2457-P |
| VERSUS | JUDGE FOOTE |
| LONNIE NAIL, ET AL. | MAGISTRATE JUDGE HORNSBY |

REPORT AND RECOMMENDATION

This matter has been referred to the undersigned magistrate judge for review, report and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

STATEMENT OF CLAIM

Before the court is a civil rights action filed in forma pauperis by pro se plaintiff Kenneth Francis ("Plaintiff"), pursuant to 42 U.S.C. §1983. This complaint was received and filed in this court on August 12, 2013. Plaintiff is incarcerated in the David Wade Correctional Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials. He names the Louisiana Department of Corrections, Lonnie Nail, Mark Hunter, Jerry Goodwin, and James LeBlanc as defendants.

Plaintiff claims that while incarcerated at Allen Correctional Center on November 19, 2012, he was charged with violating prison rule #11 - aggravated fighting. Plaintiff claims that on November 29, 2012, he was found guilty and sentenced to the working cell block, 84 days loss of recreation, and restitution.

Plaintiff claims that on January 22, 2013, he was transferred from Allen Correctional Center to David Wade Correctional Center. He claims that he appeared before the

reclassification intake board. Plaintiff claims he was denied due process by the reclassification board. He claims he was placed in Detention Disciplinary Extended lock-down without any additional disciplinary rule infractions.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and any other relief to which he is entitled.

## LAW AND ANALYSIS

**Due Process in the Reclassification Process**

Plaintiff complains that he was denied due process by the reclassification board because he was placed in Detention Disciplinary Extended lock-down without any additional disciplinary rule infractions. To the extent Plaintiff contends he was punished without due process, that claim is not cognizable.

In <u>Sandin v. Connor</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court clarified when due process protections attach to the prison disciplinary process. The Supreme Court held that the Due Process Clause of the Fourteenth Amendment does not afford an inmate a protected liberty interest that would entitle the inmate to procedural protections in the disciplinary process when the maximum sanction the inmate could receive does not "present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" and the duration of the prisoner's original sentence is not affected. <u>Id</u>. 132 L.Ed.2d at 431. Under the guidance provided by <u>Sandin</u>, the Fifth Circuit has held that as a general rule, only sanctions which result in loss of good time credit or which otherwise directly and adversely affect release will implicate a

constitutionally protected liberty interest.  Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995).  Moreover, in commenting on Sandin, the Fifth Circuit noted that liberty interests which are protected by the Due Process Clause are generally limited to actions which affect the quantity of time rather than the quality of time served by a prisoner.  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997) citing Sandin, 115 S.Ct. at 2297.

Plaintiff does not allege that the action affected the duration of his sentence or that the classification was atypical of the prison environment.  To the contrary, Plaintiff's allegations concern his classification in Detention Disciplinary Extended lock-down which is far from "extraordinary."  This Court finds that under Sandin, Orellana and Madison, a classification of Detention Disciplinary Extended lock-down does not constitute the type of atypical punishment that presents a significant deprivation which would implicate due process concerns.

Accordingly, Plaintiff's claims that he was punished without due process of law are without merit and should be dismissed with prejudice as frivolous.

**Classification**

Plaintiff complains he was placed in Detention Disciplinary Extended lock-down. This is not a claim that this court can resolve.  Federal courts should not, under the guise of enforcing constitutional standards, assume the superintendence of state prison administration. See Jones v. Diamond, 636 F.2d 1364, 1368 (5th Cir. 1981) (en banc) (overruled on other grounds).  Thus, this court accords state prison administrators wide-ranging deference to adopt and to execute policies and practices that are needed to maintain and preserve order,

discipline and security in prison.  See Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The classification of prisoners is such a practice that is left to the discretion of prison officials.  See McCord v. Maggio, 910 F.2d 1248, 1250 (5th Cir. 1990).  "It is well settled that '[p]rison officials must have broad discretion, free from judicial intervention, in classifying prisoners in terms of their custodial status'." McCord, 910 F.2d at 1250 (quoting Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983)).

In Louisiana, the classification of prisoners is the duty of the Department of Corrections and an inmate, such as Plaintiff, has no right to a particular classification.  In addition, "speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 299 n.8, 96 S. Ct. 2532, 2540 n.8 (1976)).

Accordingly, Plaintiff's claims regarding his classification are frivolous because they lack an arguable basis in law and in fact, and they should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim

as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 15th day of May 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge